[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION
The court hereby articulates its judgment in the above captioned matter pursuant to the Motion For Articulation filed by the plaintiff.
Over several trial days the court heard extensive testimony and received numerous exhibits in support of the claims raised by the plaintiff and the defendants concerning a certain parcel of land located in the Town of Litchfield.
The defendants made a claim to title to the area in dispute (described as the northerly one-half of "Parcel A" in the judgment) by virtue of a claimed adverse use for longer than the statutory period of fifteen years.
The evidence in this case established that in addition to the use claimed by the defendants, the defendants' predecessor in title, French, by his use and occupancy of the subject property since 1970, had made it clear to the plaintiff's predecessor in title, Vanderwater, that he was claiming title to the land up to an ascertainable point — that being the northerly one-half or 33 feet of the property described in Parcel A, as measured in a southerly direction from the defendants' southerly boundary, for the entire length of their property. See Transcript, January 23, 1992, Testimony of Arthur H. French, pp. 2-35; see also Fogg v. CT Page 3631 Wakelee, 40 Conn. Sup. 272 (1985).
As previously noted in the Memorandum of Decision, both French and Spearow premised their use and occupancy of that 33 foot wide strip of land upon their belief that as abutters of an abandoned highway, that land was theirs either by right or by operation of law. Whether or not their belief was erroneous does not diminish the fact that their use was adverse to any title which Vanderwater and his successor may have had in and to said land.
This court makes no finding as to who had record title to the subject property since 1970. The right, title, and interest of that record owner, be it Underwater or Marrin or someone else, is found to have been extinguished by the adverse use claimed by the defendants.
In view of the aforementioned findings, as more fully set forth in the Memorandum of Decision, the defendants' claim of adverse possession of the subject property is found to have been sustained and judgment may enter fixing the boundaries on the defendants' land in accordance therewith.
BY THE COURT:
Joseph W. Doherty, Judge